IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-13,883-04






EX PARTE JAMES ALVIN HOPSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29,355 IN THE 27TH JUDICIAL DISTRICT COURT


FROM BELL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to escape and was
sentenced to life imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel allowed Applicant to plead guilty in exchange for an unauthorized sentence in this case. 
Applicant pleaded guilty to escaping from custody after having been arrested for the offense of
murder, using a deadly weapon. This offense as charged was a second degree felony. However,
Applicant also pleaded true to the enhancement paragraph, which alleged that Applicant had been
previously convicted of murder, raising the punishment range to that of a first degree felony. 
Applicant alleges that the murder conviction alleged in the enhancement paragraph was the same
murder charge used as an element of the escape offense, and that it could not be used for both. 
Applicant's trial counsel has provided an affidavit in which he concedes that the murder charge was
erroneously used twice, once as an element of the offense and again to enhance the punishment. 
Counsel has no independent recollection of this case, which took place more than twenty-eight years
ago. Counsel therefore cannot explain why he overlooked the erroneous enhancement, which
resulted in a sentence outside the authorized punishment range for a second degree felony.

 The trial court has entered findings of fact, noting that Applicant has previously challenged
his escape conviction by way of a writ of habeas corpus. Therefore, the trial court concludes that
Applicant's claim is barred by Article 11.07, Section 4 of the Texas Code of Criminal Procedure. 
However, in certain cases, this Court may consider the merits of an applicant's subsequent writ under
Article 11.07, Section 4(a)(2) of the Texas Code of Criminal Procedure, if the applicant can establish
by a preponderance of the evidence that no rational juror could have found the applicant guilty
beyond a reasonable doubt, but for a constitutional violation. See Ex parte Knipp, 236 S.W. 214
(Tex. Crim. App. 2007).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of any written
admonishments given to Applicant regarding the applicable punishment range for this offense. The
trial court shall make findings as to whether Applicant had any previous final felony convictions,
other than his conviction for murder in cause no. 28,908 from Bell County, which may have been
available for use as an enhancement in this case. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 28, 2009

Do not publish